**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-360-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**6.    JORDAN ANDRE MARKELL ALEXIS,**

    Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

Before the Court is Defendant Jordan Alexis's Motion for Compassionate Release ("Motion"). (ECF No. 446.) For the following reasons, the Court denies the Motion.

**I. BACKGROUND**

On December 5, 2019, Alexis pleaded guilty to the following:

- interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) (Counts 6 and 10);

- possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 7); and

- attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count 16).

(ECF No. 254.)

On August 5, 2020, the Court sentenced Alexis to 104 months' imprisonment on all counts. (ECF No. 377.) Alexis has served approximately ten months of his sentence

and is currently incarcerated at FCI La Tuna, a facility of the federal Bureau of Prisons ("BOP"). (ECF No. 446.)

Alexis filed his Motion on February 8, 2021, seeking immediate release from custody due to the COVID-19 pandemic. (*Id.*) Specifically, he contends he is at increased risk of severe illness or death due to his underlying medical conditions of sleep apnea and asthma. (*Id.* at 2.) Additionally, Alexis states that he has tested positive for COVID-19 previously and now fears reinfection. (*Id.*)

The Government responded to the Motion on May 16, 2021, and Alexis replied on June 1, 2021. (ECF Nos. 473 & 479.)

## II. ANALYSIS

Alexis invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age [along

2

> with various other conditions not relevant here];
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

In short, to release Alexis from confinement immediately under this authority, the Court would need to re-sentence him to time served (approximately ten months).

**A.      Extraordinary and Compelling Circumstances**

The Court first considers whether extraordinary and compelling circumstances justify Alexis's release.  *See* 18 U.S.C. § 3582(c).  In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, — F. App'x — , 2021 WL 1400705 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements.  *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Alexis argues that extraordinary and compelling circumstances justify his immediate release because he is at increased risk of developing severe COVID-19 due to his medical conditions of asthma and sleep apnea.  (ECF No. 446 at 2.)  He also worries that he does not have reliable access to an inhaler, which he occasionally relies on to breathe.  (ECF No. 479 at 4–5.)

Although Alexis's medical conditions may be risk factors for severe COVID-19, the BOP website reflects that zero cases of inmates with the virus currently exist at FCI La Tuna.  *See BOP: COVID-19 Update*, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last visited June 8, 2021). The weight of authority thus far underscores the conclusion that extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility. *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL 3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Exercising its discretion and acknowledging the considerably low risk of infection at Alexis's facility, the Court is not convinced that extraordinary and compelling circumstances exist. Assuming, however, that Alexis's health conditions constitute extraordinary and compelling circumstances—although has previously recovered from COVID-19 and is not currently exposed to the virus at his facility—the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Alexis's release.

**B.     § 3553(a) Factors**

Alexis argues that the § 3553(a) factors favor his release because in the time since his imprisonment he has committed to his rehabilitation by taking advantage of prison coursework and programming. (ECF No. 479 at 7–8.) He emphasizes his advancement to lead barber in FCI La Tuna's barbershop, indicating his intention to become a productive member of society upon his release. (*Id.* at 7–8.)

4

While Alexis's progress during his incarceration is encouraging, it cannot reasonably be disputed that his offense conduct was serious. The Presentence Investigation Report reflects that he brandished a firearm during the robbery of two businesses. (ECF No. 317 at 4–6.) Further, the Court granted a substantial downward variance to arrive at Alexis's ultimate sentence of 104 months, whereas the sentencing guideline range for his offenses was between 154 and 171 months. (ECF No. 381 at 1–3.) The severity of Alexis's crimes, coupled with the fact that he has served less than 10% of even his significantly lower variant sentence, weigh heavily against his release.

Given the dangerous nature of his crimes and the already lenient sentence imposed, the Court finds that a sentence of time served (approximately ten months) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Alexis's crimes]," § 3553(a)(4). The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Alexis's Motion (ECF No. 446) is DENIED.

Dated this 8th day of June, 2021.

BY THE COURT:

William J. Martínez
United States District Judge